YABUCOA SUGAR COMPANY, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 6657.    Argued November 2, 1936.—Decided March 17, 1937.

*Mariano Acosta Velarde* for appellant.    *B. Fernández García, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 28th of July 1936, we held in a *per curiam* decision, that the appellant in this case was bound to follow the lot of the taxpayer in the case of *Puerto Rico Fertilizer Company* v. *Domenech,* decided by this court on the 24th of July 1936. The Puerto Rico Fertilizer Company moved for a reconsideration and obtained it. The present appellant was permitted to appear on the rehearing of the *Puerto Rico Fertilizer Company* case, *supra,* as *amicus curiae.* It had also previously presented a motion for reconsideration of our said *per curiam* decision.

The appellant attempts to distinguish its position in this case from that of the Puerto Rico Fertilizer Company. It maintains that given the circumstances of the payment in the present case, the appellant, to recover from the Treasurer, was not bound to pay under protest.

We can realize that it would have been difficult or almost impossible at the time of payment of the taxes for it to

know that it was paying the same in excess of the amount due. It is necessarily true that when a taxpayer makes a voluntary payment he is ordinarily not conscious that such a payment is an excessive one.

██ The appellant sought to recover the excess payment from the Treasurer. Under section 75 of Act No. 74 of 1925 (Session Laws, p. 400) which under our most recent opinion *(Puerto Rico Fertilizer Company* v. *Domenech)* we have held the act to be applicable, the Treasurer is authorized "to remit, to refund and pay back all taxes erroneously or illegally assessed or collected . . . ."

This is a discretional matter in the Treasurer and our direct decision in the *Puerto Rico Fertilizer* case is that the said section gives the taxpayer no additional right to file a suit for the recovery of taxes. It makes no difference what the method taken by the taxpayer in the *Puerto Rico Fertilizer Company* case was, for we feel bound to hold without special reference to the procedure in that case, that its reasoning and the reasoning of this case compel us to declare that the appellant is without remedy by suit.

██ Taxes voluntarily paid in the absence of a statute authorizing it can not ordinarily be recovered. *Little* v. *Bowers,* 134 U. S. 547; 61 C. J. 985. It is true that under Act No. 80 of 1919 a direct suit was allowed against the Treasurer to recover taxes voluntarily paid. Since 1921, however, the right to bring suits for the recovery of taxes other than those paid under protest has been abrogated. *Compañía Agrícola de Cayey Ltd.* v. *Domenech,* 47 P.R.R. 505. The mere fact that the Legislature gave a taxpayer the right to recover under certain circumstances does not confer that right under different circumstances, namely, when a person does not pay under protest.

By legislative enactment a payment under protest is a condition precedent to recovery by suit.

The motion for reconsideration should be denied.